IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff<br><br>vs.<br><br>OSMAR LORENZO-GENCHI,<br><br>     Defendant. | 8:25CR153<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

The United States of America, by and through Kimberly C. Bunjer, Assistant United States Attorney, respectfully submits this sentencing memorandum as to defendant Osmar Lorenzo-Genchi.

**I.      Procedural Background**

On December 3, 2025, the defendant pled guilty to Count I of the Indictment charging the defendant with knowingly and intentionally forcibly assault, resist, oppose, impede, intimidate, and interfere with federal law enforcement officers, individuals designated in 18 U.S.C. § 114 who were engaged in and on account of their official duties, said acts involved the intent to commit another felony, in violation of Title 18, United States Code, Section 111(a)(1).  The United States agreed to dismiss Count II at sentencing.

Pursuant to violating 18 U.S.C. § 111(a)(1), the base offense level is 14.  U.S.S.G. § 2A2.2(a).  The defendant received a four level increase if a dangerous weapon was otherwise used; in this case, the defendant threw a rock that shattered the passenger window of a law enforcement vehicle.  The defendant did get full credit for acceptance of responsibility, making

1

his total offense level 15.  The defendant is a criminal history category I for a sentencing guideline range 18 months to 24 months.

The events that led to the defendant getting arrested took place on June 10, 2025, at Glenn Valley Foods, where the defendant was an employee. The defendant used aggressive behavior immediately upon law enforcement's arrival.  The defendant had to be placed in hand restraints while officers continued locating all the employees.  The defendant was interviewed and identified as a United States citizen and escorted off the Glenn Valley property and released.

The defendant did not leave the premises but instead obstructed the path of law enforcement vehicles leaving the area.  United States Marshals had to exit the vehicle to clear individuals from obstructing the roadway.  The defendant struck the driver's side mirror of the law enforcement vehicle with his fist, causing damage.  As the vehicle drove away, the defendant grabbed the rear windshield wiper and bent it rendering it unusable.  To stop the destruction of the vehicle, a deputy marshal pushed the defendant.  The defendant responded by spitting on the deputy, hitting him in the chest.

After this confrontation, the defendant started throwing rocks and other items at law enforcement vehicles.  One of the rocks thrown by the defendant shattered the rear passenger window of the law enforcement vehicle.  Luckily no officers were hurt.  It was unsafe to arrest the defendant that day so he was later arrested based on a criminal complaint.

## II.    Factors Warranting Consideration by the Court

The Court must consider all of the factors in framing an appropriate sentence. 18 U.S.C. § 3553(a).  18 U.S.C. § 3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with the statutory sentencing objectives referenced in

subsection (a)(2).  The Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).  As Congress acknowledged in the Sentencing Reform Act, and as the United States Sentencing Guidelines Manual explicitly states, "it is difficult to prescribe a single set of guidelines that encompasses the vast range of human conduct potentially relevant to a sentencing decision." USSG Ch.1, Pt.A(a)(4)(b); USSG §5K2.0, comment. (backg'd.); 18 U.S.C. § 3553(b).

The final determination of this Court, indeed all courts, is to frame its sentence in line with § 3553(a)'s overarching instruction to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals advanced in § 3553(a)(2). See *United States v. Spears*, 533 F.3d 715 (8th Cir. 2008) (en banc).

**CONCLUSION**

The United States respectfully requests the Court to sentence the defendant within the guideline range of 18 months to 24 months and order restitution in the amount of $2,284.40.

UNITED STATES OF AMERICA
Plaintiff

LESLEY A. WOODS
United States Attorney

s/Kimberly C. Bunjer
By:   KIMBERLY C. BUNJER #20962
Assistant U.S. Attorney
1620 Dodge Street, #1400
Omaha, Nebraska 68102-1506
Tel:  (402) 661-3700
Fax:  (402) 345-5724
kim.bunjer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record.

s/Kimberly C. Bunjer
KIMBERLY C. BUNJER
Assistant United States Attorney

4